UNITED STATES of America, Plaintiff-Appellee,

v.

William R. COOK, Defendant-Appellant.

No. 81–1369 Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 11, 1982.

Rehearing Denied April 8, 1982.

Certiorari Denied May 17, 1982.

See 102 S.Ct. 2255.

---

* Circuit Judge of the Eleventh Circuit sitting by designation.

William R. Cook, pro se.

Edward C. Prado, U. S. Atty., Sidney Powell, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, SAM D. JOHNSON, and GARWOOD, Circuit Judges.

SAM D. JOHNSON, Circuit Judge:

William Robert Cook appeals the district court's denial of his motion to reconsider its earlier denial of his motion for a new trial. Finding that Cook's motion to reconsider came long after the period for its timely filing had lapsed, we direct dismissal of these proceedings for want of jurisdiction.

Cook was twice convicted of mail fraud in violation of 18 U.S.C. § 1341. His first conviction was vacated on appeal, *United States v. Cook*, 557 F.2d 1149 (5th Cir.), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978); the second conviction was affirmed, 592 F.2d 877 (5th Cir.), *cert. denied*, 442 U.S. 921, 99 S.Ct. 2847, 61 L.Ed.2d 289 (1979). On April 30, 1980, Cook moved for a new trial on the basis of newly discovered evidence.[1] The district court denied his motion on February 9, 1981. On April 6, 1981, fifty-six days after his motion for a new trial was denied, Cook filed a "Motion for Reconsideration and Rehearing on Defendant's Motion for New Trial." The motion for rehearing was denied after consideration of its merits. Cook filed a timely notice of appeal from the denial of his motion for rehearing.

Neither the parties nor the district court questioned the propriety of that court's consideration of Cook's long-delayed motion. Because the delay affected the jurisdiction of the district court, and because the legal issues raised are not novel, the matter is raised and resolved by this Court on its own motion. *Gresham Park Community Organization v. Howell*, 652 F.2d 1227 (5th Cir. 1981).

Cook's procedural maneuvering requires consideration of three questions: May a party to a criminal proceeding petition the trial court for reconsideration of its order affecting final judgment? If so, is a petition for rehearing filed fifty-six days after

---

1. The motion for new trial was timely filed within the two years allowed for such motions when they are grounded on newly discovered evidence. Fed.R.Crim.P. 33.

entry of that final judgment a timely motion? If not, may the district court nonetheless consider the motion? These issues are readily resolved.

█ Although a petition for rehearing of a district court order affecting final judgment is nowhere explicitly authorized in the Federal Rules of Criminal Procedure it is undoubtedly a legitimate procedural device. The Supreme Court has repeatedly and expressly sanctioned the use of motions for reconsideration in criminal proceedings. *See Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521, *rehearing denied*, 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978); *United States v. Dieter*, 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976); *United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964); *Forman v. United States*, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960); *Department of Banking v. Pink*, 317 U.S. 264, 63 S.Ct. 233, 87 L.Ed. 254 (1942). The Court found authorization of the procedure in "traditional and virtually unquestioned practice," *Healy*, 84 S.Ct. at 556, and usefulness in its contribution to judicial economy through its direction of issues demanding plenary consideration to that forum possessing a close acquaintance with the facts and posture of the case, *Dieter*, 97 S.Ct. at 19.

█ The effects and limitations of such motions have been delineated by the case law. It is well established that in criminal proceedings, petitions for rehearing of orders affecting final judgment are timely filed if made within the period allotted for the noticing of an appeal. *Browder*, 98 S.Ct. at 556, *citing Healy*, 84 S.Ct. at 555. In a case such as the one *sub judice*, where the petition for reconsideration was filed by the defendant, the petition is timely if filed within ten days of the entry of judgment. Fed.R.App.P. 4(b). Here, the order overruling the motion for new trial was the judgment. Cook's petition, fifty-six days in the filing, was long overdue.

█ The delay was fatal. Just as expressly authorized motions for post-judgment relief, such as motions for a new trial, in arrest of judgment, or for reduction of sentence, are, if filed after the period of time allotted for their entry, *see* Fed.R. Crim.P. 33, 34, and 35, beyond the jurisdiction of court, *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 286, 4 L.Ed.2d 259 (1960), so too are late petitions for reconsideration of orders entering judgment. That the filing deadline raises a jurisdictional bar was made plain by *Browder*.

*Browder*, although arising in the context of a habeas corpus proceeding, presented a situation closely analogous to that raised by Cook's delayed petition. On October 21, 1975, a federal district court granted Browder's petition for habeas corpus by ordering the defendant Corrections Director to release him from custody unless the state retried him within sixty days. Twenty-eight days later, the defendant moved for a stay of the conditional release order and for an evidentiary hearing. The district court granted the motion, but on January 26, 1976, ruled that the writ of habeas corpus was properly issued. The defendant sought review of both the order of October 21 and that of January 26. The Court of Appeals, finding no defect in either its jurisdiction or that of the district court, reached the merits of the case. The Supreme Court reversed the Court of Appeal's judgment, finding that it had jurisdiction over neither order. The untimeliness of the petition for rehearing was decisive. The Supreme Court held that while a timely petition for rehearing would have destroyed the finality of the original order of October 21 requiring Browder's release, and restarted the clock upon disposition of the petition, *id.* 98 S.Ct. at 562, *citing Department of Banking*, 63 S.Ct. at 234, the late petition failed to do so, *id.* The period allowed for appeal of the first order thus ran undisturbed and lapsed before appeal was noticed. But more important for present purposes was the Supreme Court's determination that there existed no jurisdiction over the order of January 26, which, precipitated by untimely petition for reconsideration, had purported to reaffirm the October determination that Browder's confinement was unconstitution-

al. Implicit in the Court's discussion of the effect of the untimeliness of the petition for rehearing was its palpable reluctance to allow that late petition to rejuvenate a dispute which, through the expiration of the period allowed for appeal from the original order, had become settled.

That *Browder* inquired into the jurisdiction over untimely petitions for rehearing in *civil* proceedings, while Cook's late petition was filed in a *criminal* proceeding, is a distinction without a difference. *Healy*, 84. S.Ct. at 555; *accord United States v. Jones*, 608 F.2d 386, 389–90 (9th Cir. 1979) (holding that a motion for reconsideration of a suppression order was timely *and therefore* within the jurisdiction of the district court to consider). Circumvention of the rule of finality in the jurisdictional basis for the periods allotted for appeal and post-judgment relief is no more desirable, or necessary, in the context of criminal proceedings than in civil.

The case is remanded to the district court with instructions to vacate judgment for want of jurisdiction.

REMANDED WITH INSTRUCTIONS.