56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Claude B. KNOX, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America; State of Ohio; City of Marietta,
Defendants-Appellees.
 No. 94-4310.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 Claude B. Knox, Jr., appeals pro se a district court judgment dismissing his civil action filed pursuant to 18 U.S.C. Sec. 1962 (Racketeer Influenced and Corruption Organizations Act (RICO)) and 42 U.S.C. Sec. 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 This case presents Knox's challenge to the use of the "Uniform Traffic Ticket" (UTT) to enforce traffic laws in Ohio. Knox filed his complaint against the United States of America, the State of Ohio, and the City of Marietta, Ohio, alleging that the defendants have engaged in a pattern of racketeering and have conspired to interfere with "the civil rights of the citizens of the United States of America." Specifically, Knox claimed that the use of the UTT is unlawful because it "is not filed by the prosecuting attorney," and is not based upon an affidavit and warrant as is referred to in Ohio Rev. Code Sec. 4511.21(E). Knox requested the district court to enjoin the State of Ohio from prosecuting any defendant through the use of the UTT rather than a summons, complaint, or warrant, and also requested the district court to "seize the assets of the State of Ohio," and to provide restitution to the "victims" of this allegedly unlawful procedure. In an opinion and order filed November 8, 1994, the district court dismissed the complaint for failure to state a claim upon which relief could be granted. Knox's motion for a new trial, construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), was denied in an order filed December 28, 1994.
 
 
 4
 Upon review, we affirm the district court's judgment because Knox undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).
 
 
 5
 The district court properly dismissed the claims against the United States and the State of Ohio. The United States is entitled to sovereign immunity from a suit for damages. United States v. Sherwood, 312 U.S. 584, 586 (1941). Similarly, the State of Ohio is entitled to Eleventh Amendment immunity from a suit for damages. Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).
 
 
 6
 The dismissal of Knox's RICO claim against the City of Marietta, Ohio, was proper. The UTT provides fair notice of the offense charged and does not violate the Due Process Clause. See Branzburg v. Hayes, 408 U.S. 665, 686 and 688 n.25 (1972); Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984). Therefore, the complaint fails to allege any unlawful activity that could reasonably form the predicate for a RICO claim.
 
 
 7
 Concerning Knox's conspiracy claim under 42 U.S.C. Sec. 1985, the district court's dismissal was proper because Knox failed to allege a class-based, invidiously discriminatory animus. United Bhd. of Carpenters and Joiners, Local 610 v. Scott, 463 U.S. 825, 834-35 (1983).
 
 
 8
 Finally, to the extent that Knox's complaint was an attempt to obtain review by the federal courts of his convictions on traffic offenses in an Ohio court, the district court properly concluded that it was without jurisdiction to review decisions of state courts, even if Knox sought to raise federal issues. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Johns v. Supreme Court of Ohio, 753 F.2d 524, 527 (6th Cir.), cert. denied, 474 U.S. 824 (1985).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation