**In the Matter of the Search and Seizure of Billy Ray SHIVERS.**

No. 1:92–M–148.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 31, 1995.

Claude Welch, Lufkin, TX, for movant.

Thomas Kiehnhoff, Asst. U.S. Atty., Beaumont, TX, for respondent.

### MEMORANDUM OPINION ON MOTIONS FOR "NEW TRIAL"

JOE J. FISHER, District Judge.

Pending are Billy Ray Shivers's motion for "new trial" and supplemental motion for "new trial". The first motion was filed within ten days after issuance of the court's order on June 29, 1995, denying movant's motion for return of property. The supplemental

motion was filed forty days after June 29, 1995, and was included in a reply to the government's response.

## I. Nature of the Case; Proceedings

This case involves a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(e). The contours of the dispute are described in the report of the magistrate judge entered on the docket May 11, 1995, *In re Shivers,* No. 92–M–148, 1995 WL 293188 (E.D.Tex. May 8, 1995), and also in a memorandum opinion of the undersigned district judge entered on the docket July 3, 1995.

The property at issue is 50 metal tokens found in the Angelina National Forest by movant, Billy Ray Shivers. Later, the tokens and several other items of personal property were seized under a search warrant. The warrant suggested that movant had violated federal law by removing archaeological resources from the national forest.

Ultimately, the government elected not to pursue prosecution. All items of personal property, except the tokens, were returned voluntarily to movant. The government insisted that movant was not entitled to maintain the tokens in a private collection.

Movant and the government came to an impasse, prompting the Rule 41(e) motion. The motion was heard by a magistrate judge who recommended that the motion be denied. The magistrate judge (a) determined it was Shivers's burden to prove ownership and lawful possession; (b) found the tokens were abandoned property imbedded in the soil before Shivers unearthed them while using a metal detector; and (c) applying common law property rules, concluded that title remained in the government as owner of the soil.

Shivers objected. The undersigned reviewed the objections *de novo,* and denied them by order and memorandum opinion.

## II. The Motions for "New Trial"

Although requesting a "new trial", movant essentially seeks reconsideration of the court's order of June 29, 1995. Movant asserts three grounds: First, movant argues he was not apprised that the case was under review by a district judge, and thus was deprived of fair opportunity to submit additional evidence. Second, movant wishes to present new evidence suggesting that government agents authorized metal detectoring and granted permission for digging tokens from the national forest. Third, movant reurges his argument that under the Archaeological Resources Protection Act,[1] the tokens are not property of the sovereign even if they were originally located on or imbedded in property belonging to the United States of America.

The proposed new evidence consists of movant's own affidavit and a letter from Robert C. Joslin, Regional Forester, United States Department of Agriculture. Movant's affidavit asserts that John Ippolito, archaeologist and United States Forest Service employee, gave movant permission to dig for Aldridge Lumber Company tokens in the Angelina National Forest. Movant argues that Ippolito's conduct estops the government from asserting that movant is not entitled to lawful possession.

The Joslin letter is dated November 10, 1994, and is addressed to movant. It refers to recent closing of the 600 acre Aldridge Mill site to metal detectors. It states that the balance of the Angelina National Forest, over 152,000 acres, remain open to metal detector use. Movant argues that this letter, taken as a whole, clearly indicates that when events which form the basis of this action occurred, the entire Angelina National Forest was open to metal detectoring.

## III. Discussion and Analysis

### A. Procedural Considerations

■ There has been no plenary trial. Therefore, movant's request for reconsideration via "new trial" is a misnomer. Further, the Federal Rules of Criminal Procedure contain no formal provision for motions to reconsider. Motions for reconsideration in criminal proceedings are judicial creations

---

**1.** 16 U.S.C. § 470aa *et seq.;* H.R.Rep. No. 311, 96th Cong., 1st Sess., *reprinted in* 1979 U.S.C.C.A.N. 1709.

not derived from statutes or rules. *United States v. Brewer*, 60 F.3d 1142 (5th Cir.1995). Jurisprudence regarding motions for reconsideration in criminal matters centers on their tolling effect on the time prescribed for filing appeals. *See United States v. Lewis*, 921 F.2d 563, 564–65 (5th Cir.1991) (citing *United States v. Healy*, 376 U.S. 75, 78, 84 S.Ct. 553, 555, 11 L.Ed.2d 527 (1964)); *United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982, 102 S.Ct. 2255, 72 L.Ed.2d 860 (1982).

■ Here, no criminal prosecution is pending. Nor is the court concerned with a motion to suppress. Therefore, the motion properly may be construed in a quasi-civil light, and the standard of Federal Rule of Civil Procedure 59(e) applied. *See Knox v. United States*, 56 F.3d 64, 1995 WL 316744 (6th Cir.1995) (district court was correct to construe request for a "new trial" after the entry of a dispositive pretrial motion as a 59(e) motion to alter or amend judgment); *see also generally Richey v. Smith*, 515 F.2d 1239, 1245 (5th Cir.1975).

■ A motion to amend or alter judgment filed pursuant to Federal Rule of Civil Procedure 59(e) allows a party to seek the trial court's reconsideration of an order granting summary judgment if served within ten days of judgment. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173–74 (5th Cir.1990), *cert. denied*, —— U.S. ——, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). Movant's first motion for reconsideration was filed within ten days, and is timely. The second motion is treated as relating back to and supplementing the first.

### B. Substantive Grounds

Movant's substantive grounds will be considered in reverse order:

1. Archaeological Resources Protection Act

The Archaeological Resources Protection Act (ARPA) defines and regulates archaeological resources. ARPA specifies criminal penalties for violations of the act.

Movant has contended throughout that because (a) Aldridge Lumber Company tokens do not meet ARPA's 100–year definition of an archaeological resource, and (b) "coins" are excepted from ARPA's regulatory reach, he could not be prosecuted for an ARPA violation. Since he could not be prosecuted, movant deduces he had a lawful right to enter government land and collect the tokens. As collecting the tokens was not unlawful under ARPA, he has satisfied his FED. R.CRIM.P. 41(e) burden of proving lawful possession.

■ Both the magistrate judge and the undersigned district judge concluded previously that this argument is both flawed and beside the point. The argument misses the mark because showing that Shivers's conduct was not criminal does not to prove his possession of the tokens was lawful. One may commit the civil tort of property conversion without being guilty of a crime. *See Morissette v. United States*, 342 U.S. 246, 270–271 & 270 n. 31, 72 S.Ct. 240, 253–54 & 253 n. 31, 96 L.Ed. 288 (1952); *Pan E. Exploration Co. v. Hufo Oils*, 855 F.2d 1106, 1125 (5th Cir. 1988); *United States v. Lester*, 541 F.2d 499, 502 n. 4 (5th Cir.1976) (applying Texas law).

■ The argument is flawed because ARPA conveys no property rights. Regulatory history explains that "ownership interests are not subject to regulation under the Act." Final Uniform Regulations, 49 Fed. Reg. 1016, 1024 (1984). Movant cites no authority to the contrary. Rather, movant persists in a wholly unsupported and self-serving argument that Congress somehow intended to waive sovereign title to all items of personal property imbedded in government land unless (a) defined specifically as an archaeological resource, (b) regulated and (c) protected by criminal sanction. It does not follow, however, that in defining what items constitute "archaeological resources" subject to special protection via regulation, Congress relinquished title to all unregulated items owned by the sovereign.

■ As the court has noted consistently, movant does not prove lawful possession of Aldridge Lumber Company tokens by showing the tokens are beyond ARPA's regulatory reach. Lawful possession must be determined by resort to fundamental principles of property law.

The common law of property does not impugn the "coin exception" of ARPA.[2] Under common law, finders of abandoned personal property are entitled to lawful possession *unless* it was imbedded in the land or constructively possessed by the landowner. The "coin exception" mirrors this general rule, and had the tokens at issue been found on the surface, movant might prevail.[3] However, nothing in the legislative history or jurisprudence suggests that the "coin exception" abrogates well-established exceptions to the "finders keepers" rule.

Finally, it is fatuous to speculate that Congress intended to invite the general public, which includes not only hobbyists but also commercial salvors and entrepreneurs, onto government land to excavate for any and all items of unregulated personal property. Congress would not forego so casually the elaborate set of rules it requires for disposition of excess or surplus property.[4]

### 2. New Evidence

When presented with requests to reopen evidence under FED.R.CIV.P. 59(e), district courts in their discretion may consider new materials in order to render a just decision on the basis of all the facts. *Fields v. City of South Houston, Texas*, 922 F.2d 1183, 1188 (5th Cir.1991). That discretion is not limitless, however, as it must be exercised while mindful of the competing judicial imperative to bring litigation to an end. *Laves-*

*pere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167 (5th Cir.1990), *cert. denied* — U.S. ——, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993).

Governing circuit law requires the court to consider at least four factors when deciding whether to reopen evidence under Rule 59(e):

1. Whether the evidence previously was available;

2. Reasons for not offering the evidence before;

3. Importance of the omitted evidence; and

4. Likelihood that the opposing party will suffer unfair prejudice if the case is reopened.

*Lavespere*, 910 F.2d at 173–174 (footnotes omitted).[5] These four factors will be analyzed separately:

#### a. Availability

The proposed new evidence was available to movant at the time of the evidentiary hearing, thereafter while the motion was under consideration by the magistrate judge, and when objections to the magistrate judge's report were due. The evidence was not offered. This factor must be determined against reopening.

---

**2.** *See* 16 U.S.C. § 470kk(b).

**3.** In so speculating, the court assumes, without deciding, that the conflicting 50–year definition of an archeological resource, found in United States Forest Service regulation, 36 C.F.R. § 261.2 could not be enforced. *In re Shivers*, No. 92–M–148, 1995 WL 293188, at *4 n. 14 (May 8, 1995).

**4.** Title 40 U.S.C. § 483 originally was enacted as part of the Federal Property and Administrative Services Act of 1949, ch. 288, 63 Stat. 384. Chapter 10 entitled "Management and Disposal of Government Property" contains Section 483(h) which authorizes the Administrator of General Services to permit abandonment, destruction or donation of personal property only when (1) the property has no commercial value or (2) the estimated cost of continued care and handling exceed the estimated proceeds from sale.

If property is eligible for abandonment, destruction or donation, Part 101–45 of Federal Property Management Regulations specify procedures which almost every government agency and branch, including the United States Forest Service, must follow. *See* 41 C.F.R. § 101–45.101(a). The written notice of abandonment must include an offer to sell published or posted in a public location. 41 C.F.R. § 101–45.902–1. Items with an original cost of less than $500 may be abandoned without public notice, but the written findings of an authorized official are still necessary. *See* 41 C.F.R. § 101–45.902–2(b). If, prior to abandonment or destruction, donation becomes feasible, the property must be donated. *See* 41 C.F.R. § 101–45.901(c). Only governmental agencies and charitable institutions fit the definition of a proper donee. *See* 41 C.F.R. § 101–44.001–4.

**5.** The standard appears similar when applying the judicially created motion for reconsideration in a criminal case. *Brewer*, 60 F.3d at 1145.

### b. Reasons

No reasons are offered for not presenting the evidence sooner. The government's evidence was placed of record well in advance of the evidentiary hearing before the magistrate judge on January 23, 1995. That evidence clearly reflected the government's position that John Ippolito instructed movant that digging for tokens was prohibited. The magistrate judge carefully inquired as to disputed facts and provided an opportunity for presentation of evidence. The magistrate judge kept the motion under advisement for over three months following the hearing, during which time movant made no request to present additional facts.

 In issuing the written report and recommendation, the magistrate judge advised movant of the right to object to proposed findings of fact, and of the consequences for failing to do so.[6] The governing statute,[7] and this circuit's jurisprudence [8] establish clearly that a district judge conducting *de novo* review of objections to a magistrate judge's findings and conclusions may receive additional evidence. However, the new evidence was not offered either to the magistrate judge or the undersigned district judge during the several months this case has been pending.

From this backdrop, the court infers that the new Shivers affidavit is tendered only now because the court's memorandum of June 29, 1995, speculated "If government agents permitted movant to dig and acquire tokens for private use, movant's claim of entitlement to lawful possession might well prevail." Accordingly movant's only apparent reason is curative. After-the-fact reme-

dying of deficiencies in earlier proof is not a compelling reason to reopen, especially when the matter has been at issue from the outset. Therefore, this factor also weighs against reopening the evidence.

### c. Importance

The third factor involves importance of the proposed new evidence. The Joslin letter is of little or no significance other than to beg the question. Whether Angelina National Forest is or was "open" to metal detectors is not instructive as to whether persons with metal detectors could excavate or privately collect tokens.

 The Shivers affidavit requires more analysis. If admitted into evidence, it would suffice to establish a genuine issue of fact as to whether a government agent expressly authorized digging for the tokens. The presence of a contested issue of fact precludes summary disposition if the issue is material or determinative. The question then becomes whether this contested issue of fact is material.

 Notwithstanding earlier conjecture, the court now concludes that it would reach the same result even if the new Shivers affidavit were allowed and its alleged facts accepted as true. If U.S. Forest Service agent John Ippolito authorized movant to excavate and remove tokens from government land, his conduct was *ultra vires* as to abandonment or conveyance of government-owned property.[9] Moreover, Ippolito's alleged conduct, though reprehensible, would be insufficient to give rise to an estoppel against the government's assertion of owner-

---

**6.** The magistrate judge's report notified movant:

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or

manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–277 (5th Cir.1988).

**7.** *See* 28 U.S.C. § 636(b)(1)(C).

**8.** *United States v. Fortna,* 769 F.2d 243 (5th Cir. 1985); *Louis v. Blackburn,* 630 F.2d 1105 (5th Cir.1980); 12 CHARLES A. WRIGHT, Arthur R. Miller & Frank W. Elliott, FEDERAL PRACTICE AND PROCEDURE § 3076.8 (Supp.1995).

**9.** *See supra* note 4; *see also* Government's Response at 11–14.

ship.[10] The rule is harsh, but clearly established that

> [A]nyone entering into a relationship with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though ... the agent himself may have been unaware of the limitations upon his authority.

*Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947).

Upon further reflection, the court concludes that the proposed new evidence is not material. Therefore, this factor also weighs against not reopening the evidence.

#### d. Prejudice

The last factor involves assessment of prejudice to the opposing party. The government would suffer minor prejudice in that it had witnesses present and prepared to testify before the magistrate judge at the evidentiary hearing convened in January, 1995. To allow the new affidavit into evidence arguably would require a new evidentiary hearing, thus necessitating presentation of the government's witnesses a second time. On balance, however, the court does not view this prejudice as significant. This factor, therefore, is weighed in favor of reopening.

#### e. Conclusion

Because three of the four analytical factors weigh against reopening the evidence, the court will not consider the proposed new evidence.

---

**10.** The government cannot be estopped on the same terms as any other litigant. *See Heckler v Community Health Services of Crawford County,* 467 U.S. 51, 60, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984). Indeed, there are substantial arguments that estoppel may not in any circumstances run against the government. *Id.* Whatever the circumstances, if any, under which the government may be estopped, cases to date with

#### 3. Notice

Movant's third substantive ground for reconsideration suggests denial of due process. Essentially, movant claims that the proceedings have been unfair because movant was not notified the case was under active review by a district judge. Movant infers that had such notice been provided, he would have presented additional evidence to support his claim.

Movant's arguments are not persuasive. The magistrate judge's written report specified that it was not a ruling, but only a recommendation for disposition by a district judge. It specifically advised movant that objections to proposed findings of fact and recommendations for disposition would receive *de novo* review.[11] The magistrate judge expressly advised of the timing for objections, cited the statute under which objections would be reviewed, and referred movant to published cases which not only describe the *de novo* review procedures but also advise of the consequences for noncompliance with statutory procedures.[12]

This was ample notice to movant and able counsel that a district judge would review the matter independently. This matter has been pending before the court now for over a year. The court is satisfied that reasonable notice and opportunity to present evidence and be heard has been afforded.

### Conclusion

None of movant's grounds for reconsideration is meritorious. Therefore, the court will deny the motion. An order will be entered separately.

---

more compelling grounds for relief have not satisfied the heavy burden. *Id.* at 60 n. 12, 104 S.Ct. at 2224 n. 12; *id.* at 67–68, 104 S.Ct. at 2227–28 (Rehnquist, J., concurring).

**11.** *In re Shivers,* 1995 WL 293188, at *1 n. 2.

**12.** *Id.* at *6.