United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50381
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD DEE THOMPSON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-92-CR-3-1
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard Dee Thompson, federal prisoner # 55709-080, appeals the district court's denial of his motion for reconsideration of the denial of his motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court summarily denied the motion in an order entered on January 6, 2003. Thompson filed his motion for reconsideration on February 11, 2003. See Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1998)(pro se prisoner pleadings are deemed filed on date that they are placed in the prison mail system for mailing).

A motion for reconsideration in a criminal proceeding is a legitimate procedural device. United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982). Such a motion is timely if it is filed within the period allotted for noticing an appeal, in this case, within ten days of the district court's order denying the § 3582(c)(2) motion. See United States v. Brewer, 60 F.3d 1142, 1143-44 (5th Cir. 1995); FED. R. APP. P. 4(b).

Thompson's motion for reconsideration was filed 36 days after entry of the order denying the § 3582(c)(2) motion. The motion was therefore untimely, and the district court was without jurisdiction to entertain it. See United States v. Miramontez, 995 F.2d 56, 58 n.2 (5th Cir. 1993); Cook, 670 F.2d at 48. Although the district court did not indicate whether it denied the motion on its merits or for lack of jurisdiction, the denial of the motion is AFFIRMED on jurisdictional grounds. See United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994).

AFFIRMED.