# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2010

Charles R. Fulbruge III
Clerk

No. 09-30099
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROY JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CR-147-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roy Johnson appeals his jury conviction for three counts of mail fraud in violation of 18 U.S.C. § 1341. He argues that the district court found his pro se motion for arrest of the judgment was timely, but did not rule on the motion. He contends the district court's failure to rule on the motion constitutes plain error destroying the finality of the judgment.

As Johnson concedes, because he did not raise in the district court the arguments that he now presents, our review is for plain error only. To establish

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Rule 34 of the Federal Rules of Criminal Procedure provides that the court must arrest judgment if "(1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense." FED. R. CRIM. P. 34(a). At the time Johnson filed his motion, Rule 34 further provides that "[t]he defendant must move to arrest judgment within 7 days after the court accepts a verdict or a finding of guilty, or after a plea of guilty or nolo contendere."[1] FED. R. CRIM. P. 34(b); *see United States v. Ciriza*, 55 F. App'x 717, 2002 WL 31933234 (5th Cir. 2002).

The jury returned a unanimous verdict finding Johnson guilty of all three counts on February 13, 2008. Johnson did not file his motion for arrest of judgment until January 4, 2009, and Johnson did not timely filed a motion for leave to file a Rule 34 motion at a later date. Johnson's motion was not timely filed and, therefore, the district court was without jurisdiction to entertain Johnson's motion. *See Massicot v. United States*, 254 F.2d 58, 61 (5th Cir. 1958); *see also United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982). Johnson has not shown error, much less plain error, in the district court's treatment of the Rule 34 motion. *See Puckett*, 129 S. Ct. at 1429.

Contrary to Johnson's contentions, the record indicates that the district court did not make a definite ruling that his Rule 34 motion was timely. The district court expressed uncertainty about whether Johnson's motion was timely, continued the sentencing hearing, advised Johnson to discuss the motion with

---

[1] Rule 34(a) was revised, effective December 1, 2009, to provide that "[t]he defendant must move to arrest judgment within 14 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere."

his counsel, and instructed Johnson that his counsel would file any nonfrivolous motions that Johnson wished to file. At the next hearing, the district court stated the motion lacked merit and ultimately deferred ruling on the motion.

Because Johnson's motion for arrest of the judgment was not timely filed, it did not suspend the time for filing a notice of appeal of the district court's judgment of conviction. *See* FED. R. CRIM. P. 34(b); FED. R. APP. P. 4(b). Therefore, Johnson's untimely motion for arrest of judgment did not destroy the finality of the district court's judgment of conviction. *See, e.g., United States v. Ouellette*, 55 F. App'x 717, 2002 WL 31933203 (5th Cir. 2002); *see also Cook*, 670 F.2d at 48. Johnson has not demonstrated error, plain or otherwise, concerning the lack of an express ruling on the motion. *See Puckett*, 129 S. Ct. at 1429, *see e.g., Cook*, 670 F.2d at 48.

AFFIRMED.