# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

―――――

No. 16-30184
Summary Calendar

―――――

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOAH MOORE,

Defendant-Appellant

―――――

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-282-1

―――――

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:*

Noah Moore, federal prisoner # 24804-013, appeals the district court's sua sponte order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782, the denial of his motion for reconsideration of that order, and the court's subsequent order denying his § 3582(c)(2) motion. In light of Amendment 782, the district court sua sponte issued an order reducing Moore's sentence from 200 months to 188 months. Several months later, Moore

―――――

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30184

filed a pro se motion for reconsideration of that order and a § 3582(c)(2) motion; the Federal Public Defender (FPD) also filed a motion for reduction of sentence, adopting and incorporating Moore's arguments.  Moore argues that the district court abused its discretion by failing to reduce his sentence to a comparable sentence within the new guidelines range based on his history and characteristics.

This court must examine the basis of its jurisdiction, sua sponte, if necessary.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  A motion for reconsideration filed in a criminal case must be filed within the permissible time for appeal or the district court lacks jurisdiction to address the motion.  *United States v. Miramontez*, 995 F.2d 56, 58 n.2 (5th Cir. 1993); *United States v. Cook*, 670 F.2d 46, 48-49 (5th Cir. 1982).  Moore's motion for reconsideration was not filed within 14 days of the district court's sua sponte order granting a reduction of his sentence pursuant to § 3582.  *See* FED. R. APP. P. 4(b)(1)(A)(i).  Thus, the district court lacked jurisdiction to address the motion.  *See Cook*, 670 F.2d at 48-49.  Although an untimely filed motion for reconsideration does not extend the time for appealing the underlying judgment, the Government failed to raise the issue of the untimeliness of the appeal, and this court pretermits the timeliness issue.  *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007); *United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  The district court must first determine whether a prisoner is eligible for a reduction under U.S.S.G. § 1B1.10.  *Id.*  If the prisoner is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a)

2

No. 16-30184

factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827.

The district court denied Moore's § 3582(c)(2) motion without explanation. Although the district court did not provide reasons for its decision in that order, the district court had before it Moore's and the FPD's motions, their arguments in support of the reduction, and Moore's prison records. Because the record shows that the district court gave due consideration to the motion as a whole and considered the appropriate factors, there was no abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

AFFIRMED.