# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41286
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR GOMEZ-VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-1039-1

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Hector Gomez-Vasquez, federal prisoner # 64042-179, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines and his motions for reconsideration of that order. The district court denied Gomez-Vasquez's IFP motion and certified that the appeal was not taken in good faith. By moving

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41286

for IFP status, Gomez-Vasquez is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Gomez-Vasquez's motions for reconsideration were filed more than 14 days after the entry of the district court's order denying his § 3582(c)(2) motion. Thus, the untimely motions were, in essence, meaningless, unauthorized motions which the district court lacked jurisdiction to entertain. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994); *United States v. Cook*, 670 F.2d 46, 48-49 (5th Cir. 1982); FED. R. APP. P. 4(b)(1)(A)(i).

Although Gomez-Vasquez's untimely motions for reconsideration did not toll the time for filing a notice of appeal from the underlying denial of § 3582(c)(2) relief, *cf. United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995), the time limit for filing a notice of appeal in a criminal case is not jurisdictional and may be waived, *see United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007). We therefore pretermit the issue of the timeliness of the notice of appeal. *See id.* at 389.

Gomez-Vasquez contends that the district court abused its discretion in denying his § 3582(c)(2) motion. The district court correctly recognized that despite Gomez-Vasquez's eligibility for a sentence reduction, it was under no obligation to grant him one. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). The district court considered Gomez-Vasquez's arguments in favor of a sentence reduction but concluded, as matter of discretion, that a lower sentence was not warranted. In doing so, the district court properly considered the applicable 18 U.S.C. § 3553(a) factors, including Gomez-Vasquez's history and characteristics, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further criminal conduct. *See* § 3553(a)(1), (a)(2)(B)-(C); § 3582(c)(2); U.S.S.G. § 1B1.10, comment. (n.1(B)(i)). The district court also properly considered Gomez-Vasquez's post-sentencing

2

conduct.  *See* § 1B1.10, comment. (n.1(B)(iii)).  Gomez-Vasquez has not shown that the district court based its decision on an error of law or on a clearly erroneous assessment of the evidence.  *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Because the district court lacked jurisdiction to consider Gomez-Vasquez's untimely motions for reconsideration and Gomez-Vasquez has failed to show that the district court abused its discretion in denying his § 3582(c)(2) motion, the instant appeal does not involve legal points arguable on their merits.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, Gomez-Vasquez's IFP motion is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.