# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41673
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HOMERO REY CANTU, JR.,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-382-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges
STEPHEN A. HIGGINSON, Circuit Judge:*

Homero Rey Cantu, Jr., federal prisoner # 98371-079, appeals the district court's denial of his motion for reconsideration of the district court's order denying Cantu's 18 U.S.C. § 3582(c)(2) motion seeking a reduction of his sentence pursuant to Amendment 782, which lowered the drug-related offense levels in U.S.S.G. § 2D1.1(c).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41673

This court must examine the basis of its jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A motion for reconsideration filed in a criminal case must be filed within the permissible time for appeal or the district court lacks jurisdiction to address the motion. *United States v. Miramontez*, 995 F.2d 56, 58 n.2 (5th Cir. 1993); *United States v. Cook*, 670 F.2d 46, 48-49 (5th Cir. 1982). Cantu's motion for reconsideration was not filed within 14 days of the district court's sua sponte order denying a reduction of Cantu's sentence pursuant to § 3582. *See* FED. R. APP. P. 4(b)(1)(A)(i). Thus, the district court lacked jurisdiction to address the motion. *See Cook*, 670 F.2d at 48-49.

Although an untimely filed motion for reconsideration does not extend the time for appealing the underlying judgment, because the Government failed to raise the issue of the untimeliness of the appeal, this court pretermits the timeliness issue. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007); *United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995).

Cantu argues that the district court was not authorized to sua sponte deny the reduction of his sentence under § 3582(c)(2). A district court may sua sponte grant or deny a § 3582(c)(2) motion as long as it considers the arguments of the parties and the relevant 18 U.S.C. § 3553(a) factors. *See United States v. Larry*, 632 F.3d 933, 935-37 (5th Cir. 2011). This argument is without merit.

According to Cantu, the district court abused its discretion in denying his § 3582(c)(2) motion because it based its decision on an erroneous assessment of the evidence presented at trial and an improper analysis of the § 3553(a) factors. We review a district court's decision to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion, its interpretation of the Guidelines de novo, and its factual findings for clear error. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

No. 15-41673

Cantu is not entitled to rely on § 3582(c)(2) to relitigate the amount of drugs attributed to him at trial or sentencing. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). The record reflects that the district court considered Cantu's arguments, his eligibility for a reduction of sentence under Amendment 782, and the relevant sentencing factors under § 3553(a). *See Dillon v. United States*, 560 U.S. 817, 826 (2010); U.S.S.G. 1B1.10. Cantu has not demonstrated that the district court abused its discretion in denying the motion.

Nor did the district court err in refusing to correct information in the presentence report based on it sustaining Cantu's objection to the base offense level at sentencing. The error was not clerical in nature and did not arise from an oversight or omission. *See* FED. R. CRIM. P. 36; *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014). Thus, the district court did not err in declining to make the correction to the PSR pursuant to Rule 36. *Id.*

Last, Cantu has not provided any reliable evidence showing that the district court exhibited extreme bias toward him in denying his § 3582(c)(2) motion. Thus, he has not shown that the district court abused its discretion in denying the motion to recuse. *See United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996).

Cantu has not repeated his request to recuse the Assistant United States Attorney from any involvement in his criminal case. Therefore, he has abandoned that claim on appeal. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

AFFIRMED.