# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30125
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL WAYNE COLLINS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50170-4

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Daniel Wayne Collins pleaded guilty to one charge of conspiring to distribute methamphetamine and one charge of possession of a firearm in relation to a drug trafficking offense. He was sentenced to serve 168 months in prison on the former charge, to run consecutively to a 60-month sentence on the latter charge, as well as five years on supervised release. The district court denied both his 18 U.S.C. § 3582(c)(2) motion to reduce sentence and the ensuing motion for reconsideration.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30125

Collins's notice of appeal is, as the Government asserts, untimely as to the denial of his motion for reduction of sentence because it was not filed within 14 days of the court's order denying the motion. *See* FED. R. APP. P. 4(b)(1)(A)(i); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (explaining that § 3582 is a criminal provision and the time limit for filing a notice of appeal in a criminal case is jurisdictional). However, the notice of appeal was timely filed with respect to the district court's denial of his motion for reconsideration. Nonetheless, because Collins's motion for reconsideration was filed more than 14 days following the district court's ruling on his § 3582(c)(2) motion, it was an unauthorized motion that the district court lacked jurisdiction to entertain. *See United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982). *See also United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994); *United States v. Miramontez*, 995 F.2d 56, 58 n. 2 (5th Cir. 1993).

AFFIRMED.