# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2021

Lyle W. Cayce
Clerk

No. 20-50692
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Eugene Durst Self,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-66-1

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Eugene Durst Self, federal prisoner # 76522-080, moves for leave to proceed in forma pauperis (IFP) and for the appointment of counsel for an appeal. The district court denied Self's motion to proceed IFP, certifying that the appeal was not taken in good faith. By moving for IFP, Self is

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50692

challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997).

In his brief, Self argues that the district court abused its discretion in denying his motion for release by not considering relevant facts and evidence and by using a non-*Shepard*[1] approved document upon which to base its original revocation decision. He contends that his revocation of supervised release was based on a violation that was vacated by the state court.

Self's motion for release, filed in his criminal revocation case, essentially asked the district court to reconsider its decision to revoke his supervised release while his appeal was pending. Self filed his motion on August 10, 2020, over eight months after the district court revoked his supervised release in December 2019. We affirmed Self's revocation sentence on August 28, 2020. *United States v. Self*, 818 F. App'x 381, 382 (5th Cir. 2020). The district court did not have jurisdiction to consider this untimely motion for reconsideration. *See United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982); *United States v. Miramontez*, 995 F.2d 56, 58 n.2 (5th Cir. 1993).

Self's motion was unauthorized and without a jurisdictional basis, and "he has appealed from the denial of a meaningless, unauthorized motion." *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). He has not shown that the district court abused its discretion in denying his motion. And he failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Therefore, the motion to proceed IFP is DENIED, the motion for appointment of counsel

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

No. 20-50692

is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.