THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* JOHN H. GRANT, Appellant.

(No. 55794;

First District—September 28, 1971.

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. JUSTICE STAMOS delivered the opinion of the court:

On November 17, 1970, defendant pleaded guilty to the charge of unlawful possession of narcotic drugs and was placed on probation for five years. On December 15, 1970, he leld a notice of appeal and the Public Defender was appointed as his counsel. A motion to allow the Public Defender to withdraw has been filed that states that the only basis of appeal would be whether the court fully admonished the defendant as to the consequences and significance of his plea of guilty and whether it was error to accept the plea when during such plea defendant asserted his innocence.

Pursuant to *Anders v. California* (1967), 386 U.S. 738, the Public Defender has furnished this court with a brief in support of the petition to withdraw and a transcript of the proceedings and requests leave to withdraw.

██ The record reflects that defendant was fully admonished of the significance and consequences of his plea in full compliance with Ill. Rev. Stat., ch. 38, par. 115—3 and the then Supreme Court Rule 401(b) 1967.

A stipulation of facts was then read and revealed, *inter alia,* that defendant was observed in his room with a hypodermic needle and syringe and a search of the premises produced marijuana and codeine.

During the presentation of the foregoing stipulation the court observed that defendant made gestures indicating that he disagreed with it. At this juncture the court received assurances from the defendant that he was satisfied with his counsel's representation. The court then embarked upon a hearing in aggravation and mitigation. Defendant's counsel advised the court that defendant was attending school, supporting his wife and two children by working part time for a plaster company. The prosecution recommended that defendant be placed on probation for five years and defendant's counsel then made an application for probation. The court granted probation for five years and then addressed defendant and said:

"I do not accept pleas of guilty unless I believe that the defendant really wants to plead guilty. Do you still want to plead guilty? I ask you this for the last time."

Defendant still persisted in his plea of guilty but the court stated that if defendant wished to say something the court wanted to hear it. Defendant then said:

"I have never been arrested. At the time they came * * * it was my roommate. He was at work that night. This is what I am saying * * * I hate to stand here. For the whole two years I've been going through hell with this same case, because I never been in jail. I don't know what it is like to be in trouble. I want my freedom. You do things that you don't want to do in order to maintain your freedom."

When the court inquired whether defendant was guilty or not, defendant responded, "If I say I am not guilty this case will continue, and I will just continue to have more burden." The court then told defendant that if he is not guilty neither the court nor the prosecutor or defendant's counsel could accept the plea of guilty. Defendant responded, "I don't even have any witnesses so I will lose anyway." The court expressed its firm belief that it did not want anybody to plead guilty who believes in his heart that he is not guilty and asked, "Mr. Grant, you have pleaded guilty. Do you persist in that plea?" Defendant responded and said that there was no keyhole in the door through which he could be seen and that he has worked too hard for them to come in and twist things around. The court again admonished the defendant as to the court's desire that it would not accept a plea of guilty unless defendant was guilty unless defendant was guilty. Defendant again responded and said "Your Honor, if I answer that I still stand a chance that I might go to jail, and I don't want to go." The court responded:

"I asked you three times, and I will ask you again. I sit here in judgment of you. I am not concerned as to whether or not you can beat the case, but whether or not in your own mind you are guilty. I am not concerned as to whether or not you can beat the case or the State can prove the case, but whether or not in your own mind you are guilty of this charge. I think that is the dilemma facing you.

All right, Mr. Grant, I have already accepted your plea of guilty, and I enter a judgment on that finding, and I sentence you to five years probation on that plea of guilty. Does that help you?"

Defendant responded "Yes, sir", and the court then said:

"You know I want to make certain that these people know what they

are doing. I don't want them to plead guilty if they don't feel that they are guilty, but sometimes people regard the evidence that is something they can't beat or maybe they feel that somebody has been unfair to them. When I accept a plea of guilty I want the defendant to know in his own mind—I want him to say, 'I am guilty, and please give me the best the court could.' And in this case it was probation. I gave him five years probation, and that is my feeling. You understand me?"

Defendant said: "Yes, your Honor. Thank you."

■■ In *North Carolina v. Alford*, 400 U.S.25, 91 S.Ct.160, 27 L.Ed.2d 162, the court there sustained a plea of guilty which was entered under similar circumstances to the case at bar.

In *Alford*, the plea was accepted and witnesses testified. The defendant Alford then took the stand and testified that he had not committed the murder, but was pleading guilty to avoid the death penalty, but in light of his denial, however, he still desired to plead guilty to second degree murder.

In *Alford*, the court then said at page 37:

"Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

The court in *Alford* also said at page 31:

"The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. See *Boykin v. Alabama*, 395 U.S. 238, 242 [23 L.Ed.2d 274, 279; 89 S.Ct. 1709] (1969); *Machibroda v. U.S.*, 368 U.S. 487, 493 [7 L.Ed.2d 473, 477 83 S.Ct. 510] (1962); *Kercheval v. U.S.*, 274 U.S. 220, 223, [71 L.Ed.2d 1009, 1012, 47 S.Ct. 582] (1927). That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage."

We have made a complete examination of the record and have concluded that the public defender is correct and there is no merit to this appeal. Defendant received a copy of the Public Defender's motion and brief; he was also sent a letter by this court advising him of the motion and that he could file any points he might choose to support his appeal. No response has been received from him.

The motion to withdraw as counsel for defendant is granted and the judgment is affirmed.

Judgment affirmed.

LEIGHTON, P. J., and SCHWARTZ, J., concur.