THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARY FAY BISHOP, Defendant-Appellant.

(No. 72-292;

Third District—May 2, 1974.

James Geis, Deputy Defender, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The defendant, Mary Fay Bishop, pled guilty to an information filed in the circuit court of Kankakee County charging her with voluntary manslaughter. Thereafter she was sentenced to a term of not less than 5 nor more than 10 years in the penitentiary.

The first issue presented for review is whether the trial court complied with Supreme Court Rule 401 (Ill. Rev. Stat. 1971, ch. 110A, sec. 401) by determining that the defendant understood her rights before she waived her right to be charged by an indictment.

The record discloses that the defendant was represented by counsel of her choosing and not by the public defender. After the State's Attorney presented for filing an information which charged the defendant with having committed the crime of voluntary manslaughter, the trial court gave a lengthy, detailed and comprehensive explanation to her concerning her right to a preliminary hearing and her right to be charged by an indictment should a grand jury desire to do so. The composition of a grand jury was explained to the defendant as well as the possible sentence which could be imposed for the crime of voluntary manslaughter. The following colloquy ensued between the court and the defendant:

"THE COURT: * * * You cannot be prosecuted under this information which has been presented to me unless you yourself voluntarily and intelligently decide that you are willing to waive —and that means to give up, your right to a preliminary hearing and to indictment by the Grand Jury.

You can say, "I don't want to have this matter presented to the Grand Jury. I am willing to let the prosecution proceed by way of the information." That is what I just read to you. Or you can say, "I want to have this presented to the Grand Jury."

* * *

Now, do you understand what I have just said to you?
DEFENDANT: Not really.
THE COURT: What don't you understand?
COUNSEL FOR THE DEFENDANT [to the defendant]: Remember I talked to you and we decided that you should—you said you would waive it?
DEFENDANT: I will waive it.
THE STATE: Might I add for the record—first may I state something—the witnesses are subpoenaed by the State and are ready this morning for preliminary hearing, and the Grand Jury will reconvene the 28th of March, so if there is any question of

delay we will assure the defendant we are prepared to proceed with preliminary hearing and to indictment—it will be promptly made—or the matter will be presented to the Grand Jury promptly rather.

THE COURT: I am informed that the State has all their witnesses here and they are ready to proceed with the preliminary hearing, if that is what you want.

DEFENDANT: I will waive it.

THE COURT: Do you want to waive it?

DEFENDANT: Yes. Yes.

THE COURT: The other thing I want to explain to you is this. If the Grand Jury indicted you, you would have a right to a trial by jury. If you proceed by way of information, you still have a right to a trial by jury. You have a right to plead either guilty or not guilty. If you plead not guilty, you have a right to a jury, right to your lawyer, right to defend yourself against the charges —is that clear to you?

DEFENDANT: Yes.

THE COURT: You still want to waive?

COUNSEL FOR THE DEFENDANT: Yes.

DEFENDANT: Yes, sir, I do."

Supreme Court Rule 401 (Ill. Rev. Stat. 1971, ch. 110A, sec. 401) provides:

"401. (Supreme Court Rule 401) Waiver of Counsel; Waiver of Indictment.

(a) &ast; &ast; &ast;

(b) *Waiver of Indictment.* Any waiver of indictment shall be in open court. The court shall not permit a waiver of indictment by a person accused of a crime punishable by imprisonment in the penitentiary unless he is represented by counsel or has waived counsel as provided in paragraph (a) of this rule and unless the court, by addressing the defendant personally in open court, has informed him of and determined that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, &ast; &ast; &ast;; and

(3) that he can be prosecuted for the offense only after indictment by a grand jury unless he waives indictment."

■■ The issue raised by the defendant is not that the trial court failed to comply with Supreme Court Rule 401 but that the court failed to

determine if the defendant did in fact understand her rights before waiving indictment. The defendant is relying upon that portion of the record where she responded to the court's question in regard to her understanding as to what had been said to her and to which she replied, "Not really." The defendant would have us to consider only her equivocal response and ignore the rest of the record. This we cannot do since it is well established that on review, the reviewing court shall consider the entire record. *People v. Keene,* 1 Ill.App.3d 720, 274 N.E.2d 130; *People v. Grant,* 1 Ill.App.3d 658, 274 N.E.2d 603.

Any uncertainty as to the defendant's understanding as to her rights before waiving prosecution by indictment was in our opinion erased by admonitions of the court and replies made by the defendant subsequent to her equivocal answer which she now relies upon for reversal and remandment. It should be noted that the defendant raises no question as to the adequacy of the court's admonitions nor does she contend that she did not understand the same or that her waiver was involuntary. Precisely, the defendant is attempting to direct this court's entire attention to one response that she made to a query of the trial court and would further have us to find this one response to be of such import that it casts an aura of lack of understanding upon all the proceedings held pursuant to Supreme Court Rule 401. Our Supreme Court in determining an appeal from a conviction based upon a plea of guilty recently held that " 'the remarks and advice of the court must be read in a practical and realistic manner' and that '[t]he essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the rule.' " *People v. Chatman,* 56 Ill.2d 233, 236.

■■ No useful purpose would be served by making a further examination and analysis of the record regarding the trial court's admonitions and the defendant's responses. We believe it suffice to say that it is clear that the essentials of Supreme Court Rule 401 were complied with and that the record amply reflects that the defendant understandingly made a waiver of her right to be prosecuted by indictment. The defendant would have us subscribe to a theory that even if she fully understood the proceedings in the trial court there should nevertheless be a reversal and remandment of this case since the record fails to disclose that the court did in fact "make a determination" that she had made such an understanding. We do not subscribe to such a theory for there is no requirement that the court make a specific finding or elicit a specific expression of understanding where the record in its entirety shows that the waiver of indictment was intelligently, under-

standingly and voluntarily made. We have such a record in the instant case, and the judgment of conviction entered by the trial court should be affirmed.

██ We do, however, agree and further note that the State agrees with the defendant's contention that the minimum sentence imposed upon her is in excess of that prescribed by the Illinois Unified Code of Corrections. The defendant was convicted of voluntary manslaughter, a Class 2 felony (Ill. Rev. Stat., ch. 38, sec. 9—2 (amendment affective Jan. 1, 1973)). The minimum term of imprisonment for such an offense shall not be greater than one-third of the maximum term set by the court. (Ill. Rev. Stat., ch. 38, sec. 1005—8—1(c)(3).) Since the defendant's appeal was pending after January 1, 1973, she should be resentenced under the Unified Code of Corrections. (See *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) Therefore, pursuant to the authority vested in this court pursuant to Supreme Court Rule 615 (Ill. Rev. Stat., ch. 110A, sec. 615) we reduce the minimum sentence of the trial court to a term of 3 years and 4 months with the maximum term of sentence, being 10 years, to remain unchanged.

For the reasons set forth the judgment of the circuit court of Kankakee County and the sentence imposed thereon as modified by this court is affirmed.

Affirmed as modified.

ALLOY and DIXON, JJ., concur.