The People of the State of Illinois, Plaintiff-Appellee, *v.* Clayborn Starks, Defendant-Appellant.

(No. 73-187;

Second District (2nd Division)—July 30, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant entered a negotiated plea of guilty to one count of attempted armed robbery, the lesser included offense of an indictment charging him and Johnson Hill with two counts of armed robbery. He was sentenced to the penitentiary for a term of 3 to 8 years.

On appeal, defendant contends that the trial court committed reversible error in accepting the guilty plea because he was not informed of the nature of the charge and no factual basis for the plea was shown to exist. Additionally, he asserts that the sentence must be reduced because attempted armed robbery is a Class 4, not a Class 3 felony, and because the sentence is excessive.

At the hearing on the plea, the trial judge determined that the defendant's attorney had explained the agreement to him, and that defendant understood and agreed to its provisions. Under the agreement, a sentence of 3 to 8 years would be proposed and the second count of armed robbery would be dismissed. The defendant was informed of his right to a jury or bench trial, and to his right to present and confront witnesses. He was advised of the minimum and maximum sentence, and of the State's burden of proof. He was admonished that a guilty plea waived these rights and it was established that the plea was voluntary.

Under oath, defendant testified that on the evening of the robbery, Johnson Hill called his home and asked the defendant if he wanted "to help him do some robbing." The defendant replied that he did not want anything to do with it, but agreed that he would go with Hill to get something to drink. During the course of their "driving around," the two stopped twice to get beer. Although Hill got drunk, defendant maintained that he himself drank only a small amount. The two eventually drove to Waukegan where Hill saw a man on the street and ordered defendant to stop the car. Hill then pulled out a gun and told defendant, "You are going to help me rob that man." Defendant testified that he told Hill he would not help, that after Hill said, "You do it or else," he agreed to help only because Hill was drunk and "a little off," and that he decided he would "make a break for it" at the first opportunity. After leaving the car, they trailed the victim for two or three blocks, defendant following behind Hill. When Hill assaulted the man on the street, robbing him of approximately $300, defendant fled the scene. He was arrested later that evening.

The State's Attorney told the court that the defendant, immediately after his arrest, made a statement admitting his full involvement in the robbery. The State's Attorney also stated that the victim would testify to the facts that defendant, although present at the scene of the robbery,

did not physically participate and did run away when Hill struck the victim.

■■ Defendant maintains that the trial court did not personally inform him of the nature of the charge as required by Supreme Court Rule 402(a)(1). (Ill. Rev. Stat. 1973, ch. 110A, § 402(a)(1).) Only substantial, not literal compliance with this rule is required. Also, the entire record may be considered in determining whether or not the accused understood the nature of the charge. (*People v. Krantz,* 58 Ill.2d 187, 192 (1974).) In the instant case, the record indicates that the trial judge thoroughly questioned defendant to ascertain that he had discussed the negotiated plea with his attorney and that he understood it. The defendant answered that he did understand. The court stated to the defendant that he was charged with armed robbery, and the State, in relating the plea arrangement, specifically informed the court, in defendant's presence, that the plea would be to the lesser included offense of attempt armed robbery rather than armed robbery as expressed in Count 1 of the indictment. Considering the record in its entirety, we are satisfied that the trial court adequately complied with Rule 402(a)(1).

■■ Defendant asserts that the trial court failed to substantially comply with Supreme Court Rule 402(c) which requires that a determination be made as to the existence of a factual basis for a plea. Thereunder, the judge must determine that the conduct which a defendant admits does, in fact constitute the offense charged in the indictment, or that it constitutes an included offense. (*People v. Warship,* 59 Ill.2d 125, 130-31 (1974).) Defendant's own testimony and the events recited were sufficient for the trial judge to reasonably conclude that there was a factual basis for the plea. *People v. Hudson,* 7 Ill.App.3d 800, 803 (1972); also see *People v. White,* 28 Ill.App.3d 555, 328 N.E.2d 568 (1975) and *People v. Lundeen,* 30 Ill.App.3d 21, 332 N.E.2d 731 (1975).

■■ Defendant argues that his factual narration shows he did not have the necessary intent for commission of the offense in that it establishes he was acting under coercion, and that the guilty plea must, therefore, be vacated. The total factual background contradicts defendant's self-serving statement that he was coerced by Hill into committing the crime. Although he claimed he was going to "make a break for it" at the first opportunity, he followed behind Hill, trailing the victim for a distance of two or three blocks without attempting to make that break. Regardless, defendant's argument overlooks the fact that the court may accept the plea of guilty even when a defendant maintains his complete innocence as long as the plea represents a voluntary and intelligent choice among the alternative courses available to the defendant. (*North Carolina v. Alford,* 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct. 160 (1970).) Here,

defendant elected to plead guilty to a lesser included offense rather than go to trial on two counts of armed robbery. See *People v. Lundeen.*

Defendant contends that a sentence of 3 to 8 years for the offense of attempt armed robbery is contrary to section 8—4(c)(4) of the Criminal Code which, for the purpose of sentencing (he asserts) classifies attempt armed robbery as a Class 4 rather than a Class 3 offense. (Ill. Rev. Stat., 1972 Supp., ch. 38, § 8—4.) This issue was raised in *People v. Scott,* 57 Ill.2d 353, 358 (1974), and therein the supreme court interpreted section 8—4(c)(3) to include forcible felonies not within subsections (1) and (2). Under this interpretation, attempt armed robbery was included within subsection (3).

■■ Effective October 1, 1973, however, section 8—4 was amended to provide that attempt to commit armed robbery is a Class 2 felony. Where, during pendency of an appeal the sentencing provision for the offense charged has been changed, the defendant is entitled to the most favorable provision of law. (*People v. Williams,* 60 Ill.2d 1, 16-17 (1975).) Under section 5—8—1(c)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(c)(3)) the minimum sentence for a Class 2 felony shall not exceed one-third the maximum term set by the court. In the instant case, the maximum term set was 8 years; therefore, defendant's minimum term is reduced from 3 years to 2 years, 8 months.

Judgment affirmed as modified.

RECHENMACHER, P. J., and DIXON, J., concur.